**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

**LANETTE LIEUALLEN,**

**Plaintiff,**

**v.**

**GUSHER OIL FIELD SERVICES, LLC**

**Defendant.**

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Lanette Lieuallen ("Lieuallen" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Gusher Oil Field Services, LLC ("Gusher" or "Defendant") and states as follows:

**NATURE OF ACTION**

Ms. Lieuallen loyally served as an employee of Defendant. She brings this action for damages against Defendant as a result of Defendant's discrimination and retaliation against Plaintiff in violation of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, et seq., and Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352)("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

**PARTIES**

1. Plaintiff Lanette Lieuallen is a female citizen of the State of Colorado and. All the events and transactions upon which this suit is based occurred in the State of Colorado.

-2-

2. Plaintiff is a member of a protected class of individuals as defined by C.R.S. § 24-34-402 and Sec. 2000e-2(a)(1). Specifically, Plaintiff's gender is female.

3. Defendant is an employer as defined by C.R.S. § 24-34-401(3) and Sec. 2000e(b) with a principal office located at 23691 Highway 263, Greeley, Colorado, 80631.

## JURISDICTION

4. Jurisdiction is asserted pursuant to the Title VII, 42 U.S.C. § 2000e, et seq. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that this action, in part, arises under federal law. This Court has personal jurisdiction over Defendant because Defendant is a resident of Colorado and pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

## ADMINISTRATIVE HISTORY

5. Plaintiff has timely and properly exhausted her administrative remedies pursuant to C.R.S. § 24-34-306 by filing an initial Charge with the Colorado Civil Rights Division ("CCRD"), Charge No. FE2020438603, on or about July 18, 2019, based upon grounds of gender discrimination and retaliation.

6. Plaintiff's charge was dual filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 32A201900660.

7. Plaintiff provided information to the CCRD alleging continued acts of discrimination against her, including repeated discriminatory comments and harassment by her supervisors and co-workers, and that she believed she experienced a hostile work environment and was ultimately constructively discharged.

8. Plaintiff elected to end the CCRD and EEOC investigations and requested her right to sue on January 29, 2020.

9. This lawsuit is timely filed within 90 days after Plaintiff's electronic receipt of a Notice of Right to Sue from the CCRD dated March 3, 2020.

## FACTUAL ALLEGATIONS

10. Ms. Lieuallen incorporates by reference her prior allegations.

11. Ms. Lieuallen was hired by Defendant on or about January 8, 2018.

12. Ms. Lieuallen was hired as Rousabout which is typically a job held by males.

13. At all relevant times Ms. Lieuallen was the only female field employee in the company at her location.

14. Ms. Lieuallen performed her duties in a satisfactorily manner.

15. At all relevant times, the owners of Defendant were Parker Gutterson and Art Gutterson.

16. Upon her hire, Ms. Lieuallen was told by Supervisor, Sammy Moreno ("Moreno"), that employees were not allowed into the office. Eventually the administration office, which included the Human Resources department, was moved off site entirely.

17. Ms. Lieuallen was then instructed by Moreno to bring any concerns she may have directly to the Supervisors and to not go to any HR representative.

18. Moreno was aware and admitted that Ms. Lieuallen was harassed by Defendant.

19. Ms. Lieuallen was not provided an employee handbook during her employment.

20. Shortly after beginning employment, Ms. Lieuallen was sexually harassed by Drilling Supervisor, Mario Romero ("Romero") and Foreman Oscar Pulido ("Pulido").

21. Romero would constantly make sexually explicit and degrading comments towards Ms. Lieuallen.

22. On one occasion, Ms. Lieuallen was awarded a company t-shirt for completing a difficult job with the rig hand. She wore the t-shirt for the remainder of the day. Romero stated that Ms. Lieuallen performed sexual favors for him and "sucked his dick" to get the shirt.

23. This rumor began to spread throughout the company despite Ms. Lieuallen's telling everyone it was a false accusation made up by Romero.

24. On another occasion, Ms. Lieuallen was kneeling to hammer in a staple when Romero stated to her, in front of other employees, that "the only place you probably do good work is down on your knees."

25. Romero continued on to create a hostile work environment for Ms. Lieuallen. He stated that he was going to "stir the pot" between Ms. Lieuallen and her boyfriend by starting a rumor that he [Romero] was going to take her out to the bar after work.

26. Ms. Lieuallen continuously told Romero to stop this behavior but he ignored her requests.

27. Ms. Lieuallen then began to experience harassment by Parker Gutterson ("Gutterson").

28. Gutterson would regularly drive slowly by the field during when Ms. Lieuallen was working, in an apparent attempt to intimidate her. Gutterson did not do this to other employees.

29. On another occasion, Ms. Lieuallen was waiting in the Defendant's parking lot waiting for her ride when Gutterson drove up and parked behind her. He remained parked and watched her until she left.

30. In or around April 2018, Ms. Lieuallen underwent a surgical procedure and was released with no restrictions after two weeks. However, Safety Director, Chris Hartmann ("Hartmann") delayed her return by five weeks by making her comply with unreasonable standards to return to work and created a hostile work environment.

31. Ms. Lieuallen submitted her physicians note to Hartmann stating she was able to return with no restrictions, but he denied the letter and her return.

32. Hartmann required Ms. Lieuallen to submit a second physicians note stating she was able to carry 100 pounds, stand for 12 hours in 100-degree weather. No males were treated like this.

33. Ms. Lieuallen complied and requested another letter from her physician. She submitted this note again to Hartmann.

34. Parker Gutterson then intervened in Ms. Lieuallen's return and denied her physicians note without reason. He demanded that she submit a third note stating she could carry 300 pounds, stand for 16 hours in 120-degree heat.

35. Ms. Lieuallen again requested another letter from her physician who noted the requests were highly unusual and unreasonable.

36. Upon information and belief M.s Lieuallen's health care providers reported Defendant for their unreasonable requests.

37. Ms. Lieuallen was finally able to return to work in or around May 2018.

38. Upon her return, Ms. Lieuallen requested personal protective equipment ("PPE") from Hartmann, who told her she needed to buy her own.

39. Per Defendant's procedures, PPE and p such as gloves, safety vests and goggles are regularly provided to paid for my Defendant employees. Ms. Lieuallen was continuously denied by Hartmann for PPE and forced to purchase her own equipment.

40. Shortly after Ms. Lieuallen's return to work, she began experiencing harassment again. Ms. Lieuallen learned from her foreman, Andreas Santillion, that a rumor was spread by Hartmann that she was performing sexual favors for her supervisor, Jeff Wilkinson, which was entirely false.

41. On or about November 4, 2018, Ms. Lieuallen complained to Civil Division Supervisor Joey Timko ("Timko") that Pulido was sexually harassing her and asked her to watch a pornographic movie with him.

42. Ms. Lieuallen continued to complain about the sexual harassment she was experiencing while on duty to Timko but her concerns were never documented or taken seriously by him.

43. In and about January 2019, Ms. Lieuallen complained of discrimination to Wilkerson and General Manager Bobby Dawkins. Nothing was done about the discrimination.

44. There was no investigation into the complaints Ms. Lieuallen made.

45. In or around February 2019, Hartmann told Ms. Lieuallen "You are a blond. I am sure you have better talents elsewhere."

46. On or about March 21, 2019, Gutterson drove by Ms. Lieuallen slowly and glared at her again. Male employees were not treated in this manner.

47. On or about March 21, 2019, Ms. Lieuallen was forced to resign. She gave Defendant a two-week notice and sent a text to Wilkinson stating her last day would be February 28, 2019.

48. Ms. Lieuallen was terminated March 22, 2019.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

49. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

50. Defendant is an employer as defined by C.R.S. § 24-34-401(3).

51. Ms. Lieuallen is a member of a protected class of individuals based on gender as defined by C.R.S. § 24-34-402(1)(a).

52. Plaintiff was an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of her position.

53. Defendant willfully and intentionally subjected Ms. Lieuallen to discrimination by making comments about her in a sexual nature.

54. Defendant also willfully and intentionally subjected Ms. Lieuallen to discrimination by allowing other co-workers to make discriminatory comments and other actions directed at Plaintiff.

55. Defendant knew its actions violated CADA or was recklessly indifferent in that regard.

56. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Lieuallen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Lieuallen also seeks

attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Lieuallen claims damages for these losses and injuries under C.R.S. § 24-34-405.

## SECOND CAUSE OF ACTION
### Hostile Work Environment – Harassment in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

57. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

58. Ms. Lieuallen was subjected to harassing treatment because of her gender.

59. The comments and treatment Ms. Lieuallen experienced were unwelcome.

60. The treatment was sufficiently severe and pervasive to alter the conditions of Ms. Lieuallen's employment and created a hostile environment.

61. Ms. Lieuallen found the working environment to be hostile.

62. A reasonable person in Ms. Lieuallen's circumstances would find the environment in which Ms. Lieuallen worked to be hostile.

63. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Lieuallen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Lieuallen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Lieuallen claims damages for these losses and injuries under C.R.S. § 24-34-405.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(e)(IV))

64. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

65. Ms. Lieuallen engaged in protected activities by reporting harassment that she experienced in the workplace because of her gender.

66. Defendant's conduct in subjecting Ms. Lieuallen to the adverse employment actions of being threatened with termination after she complained about the discrimination is in violation of C.R.S. § 24-34-402(1)(e)(IV).

67. Ms. Lieuallen further suffered an adverse employment action by being constructively discharged after she faced retaliation for voicing concerns of discrimination.

68. The effect of these statutory violations was to deprive Ms. Lieuallen of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

69. These statutory violations were intentional.

70. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Lieuallen's statutorily protected rights.

71. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Lieuallen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Ms. Lieuallen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Lieuallen claims damages for these losses and injuries under C.R.S. § 24-34-405.

**FOURTH CAUSE OF ACTION**
**Discrimination in Violation of Title VII**
**(42 U.S.C. § 2000e-2(a))**

72. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

73. Defendant is an employer as defined by Sec. 2000e(b).

74. Ms. Lieuallen is a member of a protected class of individuals based on gender.

75. Ms. Lieuallen was an employee as defined by Sec. 2000e(f) and at all times was qualified to perform the functions of her position.

76. Defendant willfully and intentionally subjected Ms. Lieuallen to discrimination by making comments about her gender in a sexual nature.

77. Defendant also willfully and intentionally subjected Ms. Lieuallen to discrimination by allowing other co-workers to make discriminatory comments and other actions directed at Plaintiff.

78. Defendant knew its actions violated Title VII or was recklessly indifferent in that regard.

79. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Lieuallen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Lieuallen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Lieuallen claims damages for these losses and injuries under 42 U.S.C. §1981a.

## FIFTH CAUSE OF ACTION
### Hostile Work Environment – Harassment in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

80. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

81. Ms. Lieuallen was subjected to harassing treatment because of her gender.

82. The comments and treatment Ms. Lieuallen experienced were unwelcome.

83. The treatment was sufficiently severe and pervasive to alter the conditions of Ms. Lieuallen employment and created an environment that was hostile.

84. Ms. Lieuallen found the working environment to be hostile.

85. A reasonable person in Ms. Lieuallen circumstances would find the environment in which Ms. Lieuallen worked to be hostile.

86. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Lieuallen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Lieuallen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Lieuallen claims damages for these losses and injuries under 42 U.S.C. §1981a.

### SIXTH CAUSE OF ACTION
### Retaliation in Violation of Title VII
### (42 U.S.C. § 2000e-3(a))

87. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

88. Ms. Lieuallen engaged in protected activities by reporting harassment that she experienced in the workplace because of her gender.

89. Defendant objected to Ms. Lieuallen's claim for unemployment benefits in an additional act of retaliation against her.

90. Defendant's conduct in subjecting Ms. Lieuallen to the adverse employment actions of being terminated after she complained of discrimination are in violation of Sec. 2000e-3(a).

91. Ms. Lieuallen further suffered an adverse employment action by being constructively discharged after she faced retaliation for voicing concerns of discrimination.

92. The effect of these statutory violations was to deprive Ms. Lieuallen of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

93. These statutory violations were intentional.

94. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Lieuallen statutorily protected rights.

95. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Lieuallen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Ms. Lieuallen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Lieuallen claims damages for these losses and injuries under 42 U.S.C. §1981a.

## **JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

WHEREFORE, Plaintiff Lanette Lieuallen prays for judgment against Defendant in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as provided by statute and that the Court may deem proper.

DATED this 29th day of May, 2020.   Respectfully submitted,

*/s/ Sara A. Green*
Sara A. Green, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Suite 650
Denver, Colorado 80202
Telephone: 303.893.9800
Sara.green@coloradolaw.net