**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2020-cv-01537-RM-NYW

LANETTE LIEUALLEN,

        Plaintiff,

  v.

GUSHER OIL FIELD SERVICES, LLC,

        Defendant.

---

**DEFENDANT GUSHER OIL FIELD SERVICES, LLC'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendant Gusher Oil Field Services, LLC ("Gusher"), through undersigned counsel, moves for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiff's First Second, Third, Fourth, Fifth, and Sixth Claims[1] for Relief.

**INTRODUCTION**

Plaintiff asserts claims for discrimination based on sex, sexual harassment and retaliation against Gusher based on unspecified daily "harassment," two examples of disparate treatment, two isolated sexual comments, and two rumors she heard were

---

[1] While separately pled as six claims, Plaintiff asserts three claims (discrimination based on sex, sexual harassment and retaliation) each asserted, but not separately addressed herein, under Title VII and the Colorado Anti-discrimination Act . "Employment discrimination suits under § 1983, Title VII, and CADA are analyzed the same way." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).The analysis under the plaintiff's Title VII and CADA claims is identical. *High v. JIK, Inc.*, No. 12-CV-02373-BNB-KLM, 2013 WL 4718753, at *1–2 (D. Colo. Sept. 3, 2013).

made about her during her employment. Plaintiff's discrimination and retaliation claims fail because she did not suffer adverse employment action as a matter of law but, instead, voluntarily resigned. Plaintiff's harassment claims fail as a matter of law because the conduct, as a whole, does not rise to the level of actionable sexual harassment. As set forth herein, and this Court's cases dismissing on summary judgment claims based on similar facts, Plaintiff's entire case should be dismissed.

## STATEMENT OF UNDISPUTED FACTS

Per Judge Moore's practice standards, Gusher's (Movant's) Statement of Undisputed Material Facts (MSUMF) is being filed as a separate document.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the burden of demonstrating no genuine issue of material fact exists. Because Defendant Gusher does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by demonstrating a lack of evidence for an essential element of the non-movant's (Lieuallen's) claim). *Id.* In other words, once Gusher has showed it is entitled to summary judgment, it becomes Lieuallen's burden "as the non-movant to set forth specific facts demonstrating that there was a genuine issue for trial

2

as to those material matters for which she carries the burden of proof." *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995).

In deciding whether the moving party has carried its burden, courts do not weigh the evidence and instead must view it and draw all reasonable inferences from it in the light most favorable to the non-moving party. *Adamson*, 514 F.3d at 1145. However, neither unsupported conclusory allegations nor mere scintilla of evidence are sufficient to create a genuine dispute of material fact on summary judgment. *Maxey v. Rest. Concepts II, LLC*, 654 F. Supp. 2d 1284, 1291 (D. Colo. 2009). "If a party fails to properly support an assertion of fact of fails to properly address another party's assertion of fact, a court may...consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## ARGUMENT

### I. Plaintiff's First and Fourth Claims for Discrimination Based on Sex Fail as a Matter of Law.

Lieuallen claims discrimination based on sex under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Colorado Anti-Discrimination Act ("CADA"). In order to make out a prima facie case, Lieuallen must establish (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998). Ms. Lieuallan cannot prove the second and fourth elements of her claim.

3

### A. Ms. Lieuallen did not suffer adverse employment action because she was not constructively discharged.

While the adverse action requirement can be demonstrated by showing constructive discharge, *Fischer v. Forestwood Co.*, 525 F.3d 972, 979 (10th Cir .2008), Lieuallen's resignation does not constitute constructive discharge as a matter of law. Lieuallen's burden in establishing constructive discharge is substantial. *EEOC v. PVNF, LLC*, 487 F.3d 790, 805 (10th Cir. 2007); *see also Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002) (explaining "[t]he bar is quite high in [constructive discharge] cases"). A constructive discharge occurs only "when an employer, through unlawful acts, makes working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign." *Exum v. United States Olympic Committee*, 389 F.3d 1130, 1135 (10th Cir. 2004). The Court evaluates the voluntariness of an employee's resignation under an objective, totality of the circumstances standard. *Id.* at 1136. In short, Lieuallen must show she had no choice but to quit. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998)

Lieuallen complains of two specified instances where she believes she was treated differently (discriminated against) based on her gender: (1) that males were not required to purchase safety equipment using their own funds, but she was; (2) that she was required to obtain "unreasonable" doctor's notes in order for Gusher to permit her to return to work following heart surgery, but an unidentified male ("Joe") was not required to produce such notes for his surgery. MSUMF # 6, 17-19, 21-23. Lieuallen produces no

4

evidence to support her allegations (that men were treated differently) and she, thus, cannot prove the fourth element of her claim.[2]  *Id.*

Even assuming *arguendo* for purposes of summary judgment that Lieuallen has alleged facts demonstrating she was treated less favorably than her male co-workers (element four), that is not sufficient to establish a constructive discharge claim. *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1229 (10th Cir. 2001), *overruled on other grounds by Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003) ("[A] finding of constructive discharge may not be based solely on a discriminatory act; there must also be aggravating factors that make staying on the job intolerable.") (internal quotation marks omitted); 1–15 Larson on Employment Discrimination § 15.08 (2007) ("The mere existence of discrimination will not normally constitute the kind of intolerable conditions that would make a reasonable person feel compelled to quit.")  As directly pertinent here, the Tenth Circuit affirmed dismissal of the plaintiff's claims on summary judgment in *Sanchez v. Denver Public Schools*, finding there was no constructive discharge when the plaintiff (female) was the "only teacher required to bring a doctor's note when she took sick leave". 164 F.3d 527, 533–34 (10th Cir. 1998).

Similarly, a hostile-environment constructive discharge claim entails something more than conduct that amounts to actionable harassment.  *See e.g., Penn. State Police*

---

[2] Nor could these acts, independently constitute "adverse action" because that, instead, requires a significant change in employment status, such as hiring, firing, or reassignment with significantly different responsibilities. *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). Minor or trivial employment actions do not rise to the level of "adverse actions," and "not everything that makes an employee unhappy is [ ] actionable." *Id.*

*v. Suders*, 542 U.S. 129, 147 (2004).  To that end, an employee cannot survive summary judgment with respect to a constructive discharge claim based on sexually explicit and derogatory remarks. *PVNF*, 487 F.3d at 794.  In *PVNF*, 487 F.3d at 794, the EEOC produced evidence demonstrating that the defendant repeatedly subjected female employees to sexually explicit and derogatory remarks. However, the Tenth Circuit concluded that conduct was not enough and that the EEOC failed to produce sufficient evidence demonstrating working conditions were so intolerable that the female employee who quit was constructively discharged. *Id.* at 806. Like in *PVNF,* Lieuallen produces nothing more than isolated sexually explicit and derogatory remarks but that cannot save her claim.

Moreover, the undisputed facts demonstrate that Lieuallen cannot prove she had "no other choice but to quit". *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998) ("[e]ssentially, a plaintiff must show that she had no other choice but to quit because the working conditions were objectively intolerable.")  Here, the (identified) allegedly discriminatory treatment occurred 9 months prior to her resignation of employment and, thus, cannot constitute constructive discharge. MSUMF 6. Instead, Lieuallen tolerated her work environment, chose to continue to work for nine months after the allegedly discriminatory conduct occurred, and when she did resign, she provided advance notice of her resignation, offering to work during the notice period. MSUMF 24.  Whereas, here, "an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged." *Baca v. Sklar*, 398

F.3d 1210, 1216 (10th Cir. 2005).  Thus, Lieuallen's claims for discrimination based on sex fails as a matter of law.

## II. Plaintiff's Second and Fifth Claims for Sexual Harassment Fail as a Matter of Law.

To establish a hostile work environment sexual harassment, Lieuallen must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her sex; and (4) due to its severity or pervasiveness, the harassment altered a term, condition, or privilege of her employment and created an abusive working environment. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 797, 798 (10th Cir.1997).  This harassment occurs where "[sexual] conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Meritor Sav. Bank, F.S.B. v. Vinson*, 477 U.S. 57, 65 (1986) (quoting 29 C.F.R. § 1604.11(a)(3) (1985)). To form the basis of a claim, the sexual harassment "must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Id.* at 67 (alteration in original) (quoting *Henson v. City of Dundee*, 682 F.2d 897, 902 (11th Cir.1982)). The focus of the inquiry in a hostile work environment claim, as the name suggests, is on whether the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Lockard v. Pizza Hut*, 162 F.3d 1062, 1073 (10th Cir.1998) (internal quotation marks and citations omitted).

Thus, isolated incidents of harassment, while inappropriate and boorish, do not constitute pervasive conduct. See *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1414 (10th

7

Cir. 1987) (casual or isolated manifestations of discriminatory conduct, such as a few sexual comments or slurs, do not support a cause of action); *Bolden v. PRC, Inc.*, 43 545, 551 (10th Cir. 1994) ("incidents of harassment must be more than episodic; they must be sufficiently contentious and concerted in order to be deemed pervasive.")

In analyzing a hostile work environment claim, the court may consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.*, 510 U.S. 17, 22–23 (1993). While every factor may be taken into account, no single factor is required. *Id.* On the whole, the isolated incidents and unspecified harassment do not raise an issue of fact as to the existence of a hostile work environment. *Faragher*, 524 U.S. at 788.

Lieuallen claims she was subjected to (1) constant, yet unspecified, harassment, (2) two specified sexual comments, and (3) that she heard a rumor that two bets were made about her. MSUMF 2, 3, 4, 6. With respect to the unspecified harassment, she testified that it was "a constant from the first day" and occurred "on a daily basis" in the form of "continuous sexual remarks" by Romero. MSUMF 6. Regarding specified incidents of harassment, she claims Mr. Pulido's requested that she watch pornography with him and that Romero stated she did her best work on her knees. *Id.*, footnote 2. She claims she "heard" two bets were made about her, one that she would not last as an employee longer than two weeks and the second, who would be the first to have sex with her. MSUMF 2-4. In other words, in her complaint, discovery responses and deposition, she has identified, at most, three sexual remarks.

Assuming *arguendo* each of above occurred for purposes of summary judgment only (which Gusher denies and which is belied in part by, her trusted friend, Moreno's testimony MSUMF 5, 13, 14), the conduct and statements do not rise to the level of actionable sexual harassment as a matter of law. In *Newland v. Stevinson Toyota East, Inc.* this Court granted summary judgment against the plaintiff finding more numerous and more egregious incidents of harassment did not rise to the level of unlawful sexual harassment. 505 F. Supp. 2d 689, 700 (D.Colo. 2007). As here, the *Newland* plaintiff claimed that she was subjected to "unspecified harassment that occurred on a daily basis" and six incidents of identified harassment, including (1) an offer to rub Plaintiff's shoulders; (2) an offer to take Plaintiff's husband to a massage parlor for sexual gratification; (3) an offer for sexual favors in partial exchange for aid in obtaining a promotion into the finance department; (4) a request that Plaintiff aid an employee in sexually gratifying himself; (5) offers to grope Plaintiff in order to orchestrate a false lawsuit; and (6) an offer to impregnate Plaintiff. *Id.*

Because the conduct of which Lieuallen complains does not create an issue of fact with respect to whether she was unlawfully sexually harassed, her claims against Gusher should be dismissed as a matter of law.

### III.     Plaintiff's Third and Six Claims for Retaliation Under Title VII and CADA Fail as a Matter of Law.

To establish her claim for retaliation, Lieuallen must establish (1) she engaged in protected opposition to discrimination; (2) she suffered adverse employment action; (3) a reasonable employee would have found the challenged action materially adverse; and (4)

9

a causal connection exists between the protected activity and the materially adverse action. *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006).

With respect to protected activity, Lieuallen claims she made several reports of sexual harassment and disparate treatment to her supervisors but the individuals to whom Lieuallen allegedly reported the sexual harassment deny her ever making the reports. MSUMF 6-11. The undisputed facts further demonstrate that the witnesses to "all" of her harassment (her boyfriend and trusted friend), deny witnessing any of it. MSUMF 7-11.

While it is true that a retaliatory motive may be inferred when an adverse action closely follows protected activity, when the termination is not "very closely connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999) (emphasis in original) (internal citations omitted); *see also O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir.2001). For example, an adverse employment action that happened more than three months after the protected activity was not entitled to a presumption of causation. *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1183–84 (10th Cir.2002)(granting summary judgment in favor of defendant employer).

Here, there can be no such inference. Lieuallen alleges she complained of harassment in February 2018, early summer 2018, August 2018 and January 2018. MSUMF 6. She clarified during her deposition that she did not make a complaint to Bobby Dockins (non-supervisor) rather she — in response to his question how things were going at work— stated that she thought Mario Romero and Chris Hartman were trying to get

her fired, not that she was being sexually harassed. MSUMF 12. Thus, there is no causation between Lieuallen's alleged protected activity and her resignation 9 months later.

However, independently fatal to Lieuallen's retaliation claim is that she cannot show adverse action. Instead, it is undisputed that she resigned. Thus, assuming *arguendo* solely for purposes of summary judgment that she actually made the reports identified in MSUMF 6, she cannot show she was constructively discharged as a matter of law. See discussion *infra, section* IA which Gusher incorporates herein by reference. Instead, Lieuallen resigned nine months after any report of specified harassment, she continued to work for nine months, and when she did resign, she provided a two- week notice period. Lieuallen has not alleged (in her complaint, discovery responses or deposition testimony) any facts that show an objectively hostile or abusive environment under Title VII. In other words, the undisputed facts show that she cannot establish that she had no other choice but to quit. Thus, her retaliation claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff has no evidence to support her discrimination, harassment and retaliation claims and her Complaint should be dismissed as a matter of law.

Dated: February 20, 2021.

SHOEMAKER GHISELLI + SCHWARTZ LLC

*/s/ Elizabeth H. Getches*

11

Elizabeth H. Getches
Shoemaker Ghiselli + Schwartz LLC
1811 Pearl Street
Boulder, CO  80302
Telephone:  (303) 530-3452
FAX:  (303) 530-4071
Email:  lgetches@sgslitigation.com
*Attorney for Defendant*

12

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2021 a true and accurate copy of the foregoing **DEFENDANT GUSHER OIL FIELD SERVICES, LLC'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed and served via ECF on all parties of record in this matter.

*s/ Sarah Lee*